IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARIUS TWO, INC.<br>801 Corporate Center, Suite 210<br>Raleigh, North Carolina 27607<br><br>Plaintiff,<br><br>v.<br><br>HON. DAVID KAPPOS<br>Under Secretary of Commerce for Intellectual<br>Property and Director of the United States Patent<br>and Trademark Office<br>Office of the General Counsel<br>United States Patent and Trademark Office<br>P.O. Box 15667, Arlington, VA 22215<br>Madison Building East, Room 10B20<br>600 Dulany Street, Alexandria, VA 22314<br><br>Defendant. | **Civil Action No.** _____ |

## COMPLAINT

Plaintiff Arius Two, Inc. ("Arius Two" or "Plaintiff"), for its complaint against the Honorable David Kappos ("Kappos" or "Defendant"), states as follows:

### NATURE OF THE ACTION

1. This is an action by Arius Two, the owner and assignee of United States Patent No. 7,579,019 ("the '019 patent") for review of the determination by Defendant, pursuant to 35 U.S.C. § 154(b)(3)(B), of the patent term adjustment of the '019 patent. Arius Two seeks a judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '019 patent be changed from 835 days to 1,191 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5

ME1 9501613v.1

U.S.C. §§ 701-706.

## THE PARTIES

3.  Arius Two is a corporation organized and existing under the laws of Delaware with its principal place of business at 801 Corporate Center, Suite 210, Raleigh, NC 27607.

4.  Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the PTO and is responsible for superintending or performing all duties required by law with respect to the granting and issuing of patents, and is designated by statute as the official responsible for determining the period of patent term adjustments under 35 U.S.C. § 154(b)(3)(B).

## JURISDICTION AND VENUE

5.  This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A), and 5 U.S.C. §§ 701-706.

6.  Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

7.  This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## FACTS

8.  Arius Two is the assignee of all right, title and interest in the '019 patent, as evidenced by records on deposit with the PTO and the face of the '019 patent. As such, Arius Two is the real party in interest in this case.

9.  Gilles H. Tapolsky and David W. Osborne are the inventors of patent application number 11/069,089 ("the '089 application") which was filed on March 1, 2005 (the "Filing Date").

10. On September 3, 2008, the PTO mailed a Non-Final Rejection as to the '089

application (the "First Office Action").

11.     On December 24, 2008, Arius Two filed its response to the First Office Action.

12.     On May 4, 2009, the PTO mailed a Notice of Allowance and Fees Due for the '089 application ("Notice of Allowance"). Included in the Notice of Allowance was a Determination of Patent Term Adjustment in which the PTO indicated that the patent term adjustment to date for the '089 application was 835 days.

13.     On May 12, 2009, Arius Two filed with the PTO an Application for Patent Term Adjustment requesting that the PTO change its patent term adjustment for the '089 application (the "Pre-Grant PTA Application").

14.     On May 12, 2009, Arius Two also paid the issue fee for the '089 application, thereby satisfying all outstanding requirements for issuance of a patent therefrom.

15.     On July 20, 2009, the PTO dismissed, in part, the Pre-Grant PTA Application as premature.

16.     On August 5, 2009, the PTO mailed an Issue Notification for the '089 application. Included in the Issue Notification was a Determination of Patent Term Adjustment in which the PTO indicated that the patent term adjustment for the '089 application was 835 days.

17.     On August 25, 2009 (the "Issue Date"), the '089 application issued as the '019 patent, reflecting a patent term adjustment of 835 days. A true and correct copy of the '019 patent is attached hereto as Exhibit A.

18.     On September 8, 2009, Arius Two filed with the PTO an Application for Patent Term Adjustment requesting that the PTO change its patent term adjustment for the '019 patent (the "Post-Grant PTA Application").

19.     The Post-Grant PTA Application is still pending before the PTO.

ME1 9501613v.1

20. 35 U.S.C. § 154(b) requires that patent terms be adjusted to compensate for failure of the PTO to take certain actions on patent applications within designated time limits. 35 U.S.C. § 154(b)(3) requires the Director of the PTO to determine the patent term adjustment for each patent.

21. In calculating the patent term adjustment, the Director must take into account PTO delays under 35 U.S.C. § 154(b)(1), any overlapping periods in the PTO delays under 35 U.S.C. § 154(b)(2)(A), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

22. Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5 shall apply to such action."

## CLAIM FOR RELIEF

23. The allegations of paragraphs 1-22 are incorporated in this claim for relief as if fully set forth herein.

24. The currently challenged patent term adjustment for the '019 patent, as determined by the Defendant under 35 U.S.C. § 154(b) and listed on the face of the '019 patent, is 835 days. (See Exh. A at p. 1). This determination of the 835-day patent term adjustment is in error.

25. Under 35 U.S.C. § 154(b)(1)(A)(i), Arius Two is entitled to an adjustment of the term of the '019 patent for a period of 856 days, the number of days attributable to PTO examination delay ("A Delay"). The A Delay period of 856 days is due to the PTO's failure to mail an action under 35 U.S.C. § 132 not later than 14 months from the actual filing date of the application. This period consists of the length of time from May 1, 2006 (14 months after the Filing Date) to September 3, 2008 (the mailing date of the First Office Action).

ME1 9501613v.1

26. Under 35 U.S.C. § 154(b)(1)(B), Arius Two is entitled to an additional adjustment of the term of the '019 patent for a period of 542 days, the number of days attributable to the PTO's "failure . . . to issue a patent within 3 years after the actual filing date of the application in the United States," but not including "any time consumed by continued examination of the application requested by the applicant under section 132 (b)" ("B Delay"). The B Delay period consists of the period commencing March 1, 2008 (three years after the Filing Date) until August 25, 2009 (the Issue Date).

27. 35 U.S.C. § 154(b)(2)(A) provides that "to the extent that periods of delay attributable to grounds specified in paragraph [154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed." For the '019 patent, the period March 1, 2008 through September 3, 2008 constitutes overlap of the A Delay period and the B Delay period. Therefore, 186 days of § 154(b)(1) delay must be excluded from the determination of patent term adjustment for the '019 patent as duplicative under 35 U.S.C. § 154(b)(2)(A).

28. 35 U.S.C. § 154(b)(2)(C)(i) provides that "the period of adjustment of the term of a patent under paragraph [154(b)(1)] shall be reduced by a period equal to the period of time during which the applicant failed to engage in reasonable efforts to conclude prosecution of the application." 35 U.S.C. § 154(b)(2)(C)(ii) provides that "an applicant shall be deemed to have failed to engage in reasonable efforts to conclude processing or examination of an application for the cumulative total of any periods of time in excess of 3 months that are taken to respond to a notice from the Office making any rejection, objection, argument, or other request." ("C Reduction").

29. For the '019 patent, C Reduction is attributable only to the delay by Arius Two in

ME1 9501613v.1

filing its response to the Non-Final Rejection on December 24, 2008, a date in excess of 3 months by 21 days.

30. Accordingly, the correct patent term adjustment for the '019 patent is 1,191 days: the sum of the 856 days of A Delay and the 542 days of B Delay, minus the 186 days of overlap between the A Delay period and the B Delay period, minus the 21 days of C Reduction.

31. Defendant's determination that the period of the patent term adjustment for the '019 patent is only 835 days is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and in excess of statutory jurisdiction, authority or limitation.

32. Moreover, Defendant's determination that the period of the patent term adjustment for the '019 patent is only 835 days conflicts with this Court's judgment in Wyeth v. Dudas, 580 F.Supp.2d 138 (D.D.C. 2008), aff'd Wyeth v. Kappos, No. 2009-1120 (Fed. Cir., Jan. 7, 2010), which explains the proper method for calculating patent term adjustments under 35 U.S.C. § 154(b).

ME1 9501613v.1

WHEREFORE, Arius Two respectfully prays that this Court:

A.   Issue an Order changing the period of patent term adjustment for the '019 patent from 835 days to 1,191 days, and requiring Defendant to alter the term of the '019 patent to reflect the 1,191-day patent term adjustment; and

B.   Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Respectfully submitted,

Dated: February 9, 2010

_____
Daniel J. Kelly (DC Bar No. 397795)
McCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA  02110
Tel:  617-449-6526
Fax:  617-326-3088

Scott S. Christie
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Tel:  973-622-4444
Fax:  973-624-7070

*Attorneys for Plaintiff Arius Two, Inc.*